## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## KALAMAZOO DIVISION

| | |
|---|---|
| Lorie Bevins, | Case No. |
|       Plaintiff, | |
| v. | **COMPLAINT** |
| Zenresolve, LLC<br>c/o The Corporation Company<br>40600 Ann Arbor Road East, Suite 201<br>Plymouth, MI 48170, | **Jury Demand Requested** |
|       Defendant. | |

### JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

### PARTIES

3- Plaintiff is a resident of the State of Michigan.

4- Plaintiff is a "consumer" as defined in the Fair Debt Collection Practices Act, 15 USC 1692 et seq. ("FDCPA").

5- Plaintiff incurred a "Debt" as defined in the FDCPA.

6- Defendant is a company with its principal office in the State of Wyoming.

7- Defendant acquired the Debt after it was in default.

8- Defendant regularly attempts to collects, or attempts to collect, debts that it acquired after the same were in default.

9- Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

10- At all times relevant, Defendant was a "debt collector" as defined in the FDCPA.

## FACTS COMMON TO ALL COUNTS

11- On or around May 12, 2021, Defendant sent Plaintiff an email to collect a debt (the "Email").

12- Upon information and belief, the Email was the first communication from Defendant to Plaintiff.

13- In the Email, Defendant failed to advise Plaintiff of her rights to dispute the Debt as required by 1692g.

14- The Email failed to state that it was a communication from a debt collector as required by 15 USC 1692(f)(11).

15- Defendant violated the FDCPA as detailed above.

16- Defendant damaged Plaintiff.

## COUNT I

17- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

18- Defendant violated 15 USC § 1692e by engaging in false, deceptive, or misleading methods to collect a debt.

## COUNT III

19- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

20- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, the Debt.

## COUNT III

21- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

22- Defendant violated 15 USC § 1692f(11) by failing to notify Plaintiff that a communication was from a debt collector.

## COUNT IV

23- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

24- Defendant violated 15 USC § 1692e(10) by making false representations during the collection of a debt.

## <u>JURY DEMAND</u>

25- Plaintiff demands a trial by jury.

## <u>PRAYER FOR RELIEF</u>

26- Plaintiff prays for the following relief:

a.  Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

b.  Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.  Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d.  Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

The Litigation Practice Group

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
17542 E. 17th Street, Suite 100
Tustin, CA 92780
Tel: 657-600-9790
Fax: 949-315-4332
richard@lpglaw.com
*Attorney for Plaintiff*