UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LORIE BEVINS,

       Plaintiff,

                                          CASE NO. 1:21-CV-1070

v.

                                          HON. ROBERT J. JONKER

ZENRESOLVE, LLC,

       Defendant.
_____/

## **ORDER**

       This is an FDCPA case against a defendant identified in the Complaint as ZenResolve, LLC, a "company with its principal office in the State of Wyoming.?" ECF No. 1, at para. 6. The case caption also identifies what plaintiff believed was the defendant's agent for service of process (the Corporation Company) in Plymouth, MI. Plaintiff served the Summons and Complaint there on January 6, 2022, and later obtained a Clerk's Entry of Default after defendant failed to respond and the Court prompted action with an Order to Show Cause. ECF Nos. 4-7.

       The Court entered a second Show Cause Order prompting plaintiff either to proceed with a Motion for Default Judgment, or show cause why the matter should not be dismissed for lack of prosecution. ECF No. 8. Plaintiff responded with information suggesting that the entity with the registered agent he originally named and served had apparently ceased to exist, but that he now had new information on an existing entity—still named ZenResolve--at an address in California with a registered agent in Arizona. ECF Nos. 9-10. He asks the Court not to dismiss the case, but to allow plaintiff to proceed against the newly identified ZenResolve.

The Court has no objection to permitting plaintiff to proceed against the newly identified ZenResolve. The Clerk shall issue a new Summons and plaintiff shall effect service and file a proof of service not later than April 27, 2022. It's premature, however, simply to dismiss the originally named and served entity and substitute the new one. Assuming the newly identified entity is properly served and appears, the Court and the parties will need to sort out how, if at all, the newly identified entity is related to the originally named entity, and whether that matters to the merits of the case, the pendency of the Clerk's Entry of Default, or both.

Accordingly, the Court treats the second Show Cause Order as satisfied and the Court will not dismiss the case at this time. The plaintiff's Motion to Substitute is GRANTED to the extent of permitting issuance and service of a new summons on the newly identified entity, and DENIED without prejudice in all other respects.

**IT IS SO ORDERED**.


Dated:   March 21, 2022              /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     CHIEF UNITED STATES DISTRICT JUDGE